UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARTIN WILSON,<br>    Plaintiff,<br><br>    v.<br><br>HOME DEPOT U.S.A., INC.,<br>    Defendant. | No. 3:11-cv-1000 (SRU) |

## RULING ON DEFENDANT'S MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT

Before the court is defendant Home Depot U.S.A., Inc.'s ("Home Depot") motion for leave to file a third-party complaint pursuant to Rule 14(a) of the Federal Rules of Civil Procedure. Because the proposed third-party complaint obviously lacks merit, the motion (doc. # 14) is hereby DENIED.

### I.   Background

This is a personal injury action, before this court on diversity jurisdiction, arising out of an accident that occurred at a Home Depot store. According to the complaint, on January 22, 2010, plaintiff Martin Wilson ("Wilson") was working at the store in the course of his employment with CRST Van Expedited, Inc. ("CRST") when he was injured by a forklift operated by a Home Depot employee. *See* Compl. ¶ 6 (doc. # 1). Wilson alleges that Home Depot was negligent in various ways and claims damages in excess of $75,000. *Id.* ¶¶ 7-9. Home Depot contends that Wilson's injuries were caused by his own carelessness.

Home Depot now seeks leave to implead Wilson's employer, CRST, into this action. In a proposed third-party complaint, Home Depot alleges that, in April 2007, CRST entered into a written agreement with Home Depot (the "Agreement") in which CRST agreed to furnish transportation services. *See* Third-Party Complaint, at ¶ 7 (doc. # 14-5). As part of the

Agreement, CRST promised to indemnify and defend Home Depot in claims arising out of, *inter alia*, injury to persons or employees performing services under the terms of the Agreement.[1]  *Id.* ¶¶ 8-10.  On that basis, Home Depot seeks to assert claims against CRST for contribution and indemnification.  *Id.* ¶¶ 11-38.

## II.     Discussion

Under Rule 14(a)(1), a defendant may implead a third party "who is or may be liable to it for all or part of the claim against it."  Fed. R. Civ. P. 14(a)(1).  "Impleader is appropriate when the third-party defendant's liability to the third-party plaintiff is 'dependent upon the outcome of the main claim' or the third-party defendant is 'potentially secondarily liable as a contributor to the defendant.'"  *Too, Inc. v. Kohl's Dep't Stores, Inc.*, 213 F.R.D. 138, 140 (S.D.N.Y. 2003) (quoting *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984)).  The court retains discretion over whether to permit a defending party to implead a third-party defendant, *Nova Products, Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 240 (S.D.N.Y. 2004) (citing *Kenneth Leventhal & Co.*, 736 F.2d at 31), and permission should be freely granted "'unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim.'"  *Farrell Family Ventures, LLC v. Sekas & Assocs., LLC*, 863 F.

---

[1]  The indemnification clause provided as follows:

> <u>Indemnification</u>.  Each Party agrees that it shall indemnify, defend and hold harmless the other Party and its affiliates, and respective officers, directors, employees and agents, from and against all claims, lawsuits, losses, damages, fines, costs, and expenses (including reasonable attorney's fees) arising out of or related to (a) injury to persons, including injury resulting in death, and damage to property caused by or in any way connected with the acts or omissions of the indemnifying Party, its agents, subcontractors or employees in performing the services hereunder, and (b) any breach of any representation or warranty of the indemnity set forth in this Agreement.

Transportation Services Agreement, at ¶ 14, attached as Ex. B to Def.'s Mot. for Leave to File a Third-Party Compl. (doc. # 14-2).

Supp. 2d 324, 331 (S.D.N.Y. 2012) (quoting *Shafarman v. Ryder Truck Rental, Inc.*, 100 F.R.D. 454, 459 (S.D.N.Y. 1984)).

In the case at bar, Home Depot seeks to implead CRST on the basis of an express indemnification clause contained in the Agreement. But having carefully reviewed that Agreement, I conclude that the indemnification clause, while capacious, does not encompass the claims Wilson asserts here. As a result, Home Depot has no colorable claim against CRST for contribution or indemnification, and impleader is inappropriate.

In pertinent part, the indemnification clause states that CRST and Home Depot each agree to indemnify the other from all claims arising out of or related to injury to persons while performing services under the Agreement. *See* Transportation Services Agreement, at ¶ 14, attached as Ex. B to Def.'s Mot. for Leave to File a Third-Party Compl. (doc. # 14-2). The clause further states that the injury must be caused by the acts or omissions of the party from whom the other party is seeking indemnification. *Id.* Here, CRST's employee (Wilson) filed suit against Home Depot claiming his injuries were caused by *Home Depot*'s negligence. *See* Compl. (doc. # 1). Wilson's complaint alleges no act or omission *by CRST* (or any of its employees) triggering a duty to indemnify Home Depot under the terms of the Agreement. *Id.*

True, Home Depot will defend against the suit by asserting Wilson's comparative fault. But even if Wilson's own carelessness is partially to blame for his injuries, Connecticut's comparative negligence regime already ensures that Home Depot will be held liable only for its proportionate share of the fault. *See* Conn. Gen. Stat. § 52-572h. By definition, Home Depot is not responsible for Wilson's comparative negligence, and therefore need not (and, indeed, cannot) seek contribution or indemnification from Wilson's employer, CRST, under the terms of the Agreement. Because Home Depot's proposed third-party complaint would only "foster an

obviously unmeritorious claim," *Farrell Family Ventures, LLC*, 863 F. Supp. 2d at 331, impleader is inappropriate and the motion must be denied.

### III. Conclusion

For these reasons, the defendant's motion for leave to file a third-party complaint (doc. # 14) is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 8th day of November 2012.

       /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge